FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 AUG -7 AM 9:44
CLERK _M. alevis_
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION**

ARCHIE JOEL CHAMPION, III,       *
                                *

    Appellant,                    *

                                    *

        v.                      *          CV 319-029

                                    *

MORRIS BANK and THE MERCHANT     *
AND CITIZENS BANK,            *

                                    *

    Appellees.                    *

                                    *

## O R D E R

This interlocutory appeal requires the Court to decide how quickly after the expiration of the objection deadline a bankruptcy court must enter a discharge order to comply with Federal Rule of Bankruptcy Procedure 4004(c)'s requirement that discharge be entered "forthwith." Before that question can be addressed, however, the Court must determine whether Appellant-Debtor Archie Joel Champion III may appeal the Bankruptcy Court's interlocutory order denying his motion for entry of discharge. For the reasons set forth below, the motion for leave to appeal (doc. no. 1-6) is **GRANTED**.

On September 28, 2017, Appellant-Debtor Archie Joel Champion III ("Debtor") filed a Chapter 7 petition in the Bankruptcy Court for the Southern District of Georgia, Dublin Division. The meeting of creditors required by 11 U.S.C. § 341 was held on November 13,

2017, and later continued until December 11th. (Bankr. Doc. Nos. 5, 14.)[1] Morris Bank and Merchant and Citizens Bank (collectively, the "Banks") are both creditors in this case. Before the January 12, 2018 objection deadline, Debtor and the United States Trustee agreed to multiple consent orders to file objections to discharge or motions to dismiss; the final deadline was June 11, 2018. (Bankr. Doc. Nos. 22, 40, 44.) The Banks, however, were not parties to the consent orders.

On June 14, 2018 — three days past the Trustee's final objection deadline — the Banks filed identical motions to dismiss under 11 U.S.C. § 707(a). (Bankr. Doc. Nos. 46, 47.) The Banks' motions argued there was cause to dismiss Debtor's petition because he failed to disclose material income and assets, made misrepresentations in his bankruptcy schedules, had surplus income to pay creditors, and filed his petition only to frustrate and prejudice creditors. Four days later, on June 18th, Debtor filed a motion requesting entry of discharge. (Bankr. Doc. No. 51.) The Bankruptcy Court subsequently held a telephone hearing regarding Debtor's motion and requested additional briefing. Ultimately, the Bankruptcy Court denied Debtor's request for entry of discharge because the Banks' § 707(a) motions to dismiss were pending.

---

[1] These documents refer the Bankruptcy Court docket, case number 17-30330.

In a March 28, 2019 Order and Opinion, the Bankruptcy Court relied on Rule 4004(c)(1)(D) to conclude that a pending § 707(a) motion to dismiss prevented entry of discharge. The Bankruptcy Judge reasoned that Rule 4004(c)'s requirement that a discharge be entered "forthwith" did not require immediate entry of discharge upon the expiration of the objection deadline. Rather, "forthwith" meant "as soon as practicable" under Eleventh Circuit caselaw. Further, the Bankruptcy Court concluded the Rules proscribed no deadline to file a § 707(a) motion to dismiss. Therefore, the three-day gap period between the end of the objection deadline and the Banks' § 707(a) motions to dismiss did not violate Rule 4004(c)'s requirement to enter discharge "forthwith".

Before reaching the merits of the appeal, the Court must first determine whether it has jurisdiction to hear the interlocutory appeal. District courts have appellate jurisdiction over both final and interlocutory orders of bankruptcy courts. 28 U.S.C. § 158(a). However, interlocutory appeals may only be heard with leave of the district court. Id. To decide whether to hear an interlocutory appeal, district courts employ the same standard used by circuit courts of appeals under 28 U.S.C. § 1292(b). See In re Charter Co., 778 F.2d 617, 620 n.5 (11th Cir. 1985).

Under this standard, the appellant must show there is (1) a controlling question of law; (2) over which there is substantial ground for difference of opinion; and (3) the immediate resolution

of the issue would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); <u>Laurent v. Herkert</u>, 196 F. App'x 771, 772 (11th Cir. 2006). Interlocutory orders should be appealed sparingly, consistent with the policy against piecemeal appeals and considerations of judicial economy. <u>See</u> <u>McFarlin v. Conseco Servs., LLC</u>, 381 F.3d 1251, 1259 (11th Cir. 2004).

A controlling question of law is one that presents "an abstract legal issue or what might be called one of 'pure' law" where the appeals court can decide the issue "quickly and cleanly" without having to delve beyond the surface of the record. <u>Id.</u> at 1258 (citing <u>Ahrenholz v. Bd. of Tr. of the Univ. of Ill.</u>, 219 F.3d 674, 676-77 (7th Cir. 2000)). Generally, a question of law under § 1292(b) includes "the meaning of a statutory or constitutional provision, regulation, or common law doctrine" and "does not mean the application of settled law to fact." <u>Id.</u>

Here, the Court must determine the meaning of "forthwith" under Rule 4004(c). Interpreting the meaning of bankruptcy rules and statutes is a "pure" question of law. <u>See</u> <u>id.</u> Further, this question does not require the Court to study the factual record of the case; rather the Court need only consider a handful of dates relevant to the issue.

Next, there must be substantial ground for difference of opinion on the issue. To satisfy this element, the movant must show that courts interpret the relevant legal principles

differently.  In re Pac. Forest Prods. Corp., 335 B.R. 910, 922
(S.D. Fla. 2005).  A difficult ruling or a lack of authority on
the issue will not satisfy the movant's burden.  Id.  In reviewing
the relevant authority, a court may consider cases from within and
beyond the circuit in which it sits.  Id. (citing In re Lykes Bros.
S.S. Co., 200 B.R. 933, 938 (M.D. Fla. 1996)).

The parties' appellate briefs cite many cases to support their
respective positions.  The Banks focus on In re Coggin, 30 F.3d
1443 (11th Cir. 1994), abrogated on other grounds by Kontrick v.
Ryan, 540 U.S. 443 (2004).  In that case, the Eleventh Circuit
interpreted "forthwith" to mean "as soon as practicable after the
passage of the bar date."  Id. at 1449.  Preceding that language,
the Eleventh Circuit approvingly cited Black's Law Dictionary
defining "forthwith" as "immediately; without delay; directly;
within a reasonable time under the circumstances of the case;
promptly and with reasonable dispatch."  Id. (citing Black's Law
Dictionary 654 (6th ed. 1990)).  However, the precise issue on
appeal in Coggin concerned a motion for extension under Rule
4004(b).  Thus, although the Eleventh Circuit held "forthwith"
means "as soon as practicable," Coggin did not consider the effect
of a § 707(a) motion to dismiss filed after the objection deadline
but before entry of discharge.

Debtor cites multiple cases to support his contention that
"forthwith" means "immediately." The First Circuit case In re

5

Rosado, 2011 WL 4572021 (B.A.P. 1st Cir. Aug. 10, 2011), held the bankruptcy court erred by not entering discharge at the expiration of the deadline to object because none of the exceptions listed in Rule 4004(c) existed at the deadline. Id. at *3. The bankruptcy court postponed entry of discharge based on the creditors' pending adversary complaints seeking an exception to discharge of particular debts under § 523. Id. at *1. The appeals panel determined that was an abuse of discretion because such complaints are not grounds to deny entry of discharge under Rule 4004(c). Id. Notably, however, the creditors in Rosado also filed a § 707(a) motion to dismiss after the expiration of the deadline to object, but before discharge was entered. Id. at *1-2.

Debtor also cites In re Emery, 132 F.3d 892 (2d Cir. 1998), where the Second Circuit criticized delaying entry of discharge past the objection deadline because it contravened Congress's intent. Id. at 896. Specifically, the Second Circuit held "a gap period is the direct result of the inability of the bankruptcy court system to comply with Rule 4004(c)'s mandate that a discharge be entered 'forthwith' after a bar date has passed." Id.

Last, in the Ninth Circuit case In re Dietz, 914 F.2d 161 (9th Cir. 1990), the appeals court affirmed the bankruptcy court's decision to deem the discharge entered at the end of the objection period, even though the bankruptcy court never formally entered a discharge. Id. at 164. By doing so, "the court acted consistently

6

with the spirit of the bankruptcy rules, which contemplate that discharge is effective immediately upon expiration" of the objection deadline. Id. However, both Emery and Dietz concerned actions to revoke discharge under § 727(d), not the effect of a § 707(a) motion to dismiss.

The Court is unable to find any case that specifically addresses whether a § 707(a) motion to dismiss filed after the objection deadline but before discharge is entered prevents a bankruptcy court from entering discharge. The cases cited above interpreting Rule 4004(c)'s "forthwith" requirement arose under different procedural backgrounds from this case but are nevertheless instructive to the issue raised in this appeal. These cases reveal a difference of opinion as to whether "forthwith" means immediately or some longer period of time. Accordingly, the Court concludes there is substantial ground for difference of opinion on the meaning of "forthwith" under Rule 4004(c).

Finally, the third § 1292(b) prong requires that the resolution of the appeal materially advance the ultimate termination of the litigation. Generally, "[i]t means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." McFarlin, 381 F.3d at 1259. Other courts have recognized that "compelling grounds for granting interlocutory appeals exist when reversal of the issue on appeal would dispose of the entire

7

bankruptcy case." Figueroa v. Wells Fargo Bank N.A., 382 B.R. 814, 825-26 (S.D. Fla. 2007) (citing In re Pac. Forest, 335 B.R. at 924).

Here, the third prong is easily satisfied. The resolution of the appeal could potentially advance the bankruptcy case by requiring the entry of discharge. If the Court determines the bankruptcy court erred by denying Debtor's request for entry of discharge because of the § 707(a) motion to dismiss, then the motion to dismiss would be deemed moot. At that point, Debtor would be entitled to a discharge thereby substantially shortening the litigation. Simply stated, reversal of the issue on appeal would require entry of discharge for Debtor and accelerate the final disposition of his bankruptcy case.

Based on the foregoing, Debtor has satisfied all three § 1292(b) elements. Accordingly, his motion for leave to appeal (doc. no. 1-6) is **GRANTED**. The Court will enter an order addressing the merits of the appeal as soon as practicable.

**ORDER ENTERED** at Augusta, Georgia, this 7th day of August, 2019.

UNITED STATES DISTRICT JUDGE