FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 OCT -4 PM 12:18
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

```
ARCHIE JOEL CHAMPION, III,      *
                                *
     Appellant,                 *
                                *
     v.                         *       CV 319-029
                                *
MORRIS BANK and THE MERCHANT    *
AND CITIZENS BANK,              *
                                *
     Appellees.                 *
```

# O R D E R

Before the Court is Appellant-Debtor Archie Joel Champion, III's motion for certification of appeal pursuant to 28 U.S.C. § 158(d)(2), which governs the Court of Appeals' jurisdiction to hear appeals from interlocutory orders. For the reasons set forth below, the motion for certification of appeal (doc. no. 17) is **GRANTED**.

## Background

Archie Joel Champion, III ("Appellant") filed a Chapter 7 petition in the Bankruptcy Court for the Southern District of Georgia, Dublin Division, on September 28, 2017. Morris Bank and Merchant and Citizens Bank (collectively, the "Banks") are creditor-appellees in this case. The Debtor and the United States Trustee agreed by consent orders that June 11, 2018 would be the deadline to file a motion to dismiss or object to the Debtor's

discharge. (Bankr. Doc. Nos. 22, 40, 44.)[1] The Banks were not parties to the consent orders.

The docket entry text summarizing the consent orders was entered with an incorrect deadline of July 11, 2018. (Bankr. Doc. No. 44, Docket Entry Text.) Three days after the correct deadline of June 11, 2018, but prior to Debtor receiving a discharge, the Banks filed motions to dismiss under 11 U.S.C. § 707(a). (Bankr. Doc. Nos. 46, 47.) On June 18th, Debtor filed a request for entry of discharge, arguing that the Banks' motions were untimely and that Federal Rule of Bankruptcy Procedure 4004(c) requires a discharge "forthwith," or immediately upon the passing of the objection deadline. (Bankr. Doc. No. 51.)

In March 2019, the Bankruptcy Court denied Debtor's request in an Order and Opinion which concluded that pending § 707(a) motions preclude an entry of discharge under Rule 4004(c). In doing so, the Bankruptcy Court interpreted Rule 4004(c)'s requirement that a discharge be entered "forthwith" as meaning "as soon as practicable" rather than immediately, an interpretation consistent with the Eleventh Circuit's interpretation of the word in In re Coggin, 30 F.3d 1443, 1449 (11th Cir. 1994), abrogated on other grounds by Kontrick v. Ryan, 540 U.S. 443 (2004). (Doc. No. 1-2, at 9-15.) Debtor moved to appeal the Order and Opinion to this Court in April of 2019, challenging the Bankruptcy Court's

---

[1] These documents refer to the Bankruptcy Court docket, case number 12-30330.

2

definition of "forthwith." (Doc. No. 1.) This Court heard the appeal but affirmed the Bankruptcy Court's denial of Debtor's request for discharge. (Doc. Nos. 13-14.) Now Debtor seeks to appeal this Court's Order to the Eleventh Circuit.

**Legal Standard**

Under 28 U.S.C. § 158(d), the courts of appeals have jurisdiction to hear interlocutory appeals if the district court involved certifies — on the request of a party or on its own motion — that any one of the following grounds exist:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;
>
> and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

28 U.S.C. § 158(d)(2)(A).

These factors are not the same as the factors which govern appeals from a bankruptcy court to a district court. At that stage in the process, "[b]ecause [Section 158(a)] does not provide the district court any criteria for determining whether to exercise [its] discretionary authority

3

to grant leave to appeal, the courts look to 28 U.S.C. § 1292(b)." Laurent v. Herkert, 196 F. App'x 771, 772 (11th Cir. 2006) (citation and punctuation omitted). Section 1292(b) requires the appealing party to demonstrate that: "(1) the order presents a controlling question of law; (2) over which there is a substantial ground for difference of opinion among courts; and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation." Id. Therefore, despite Debtor's suggestion, this Court's review of the Bankruptcy Court's decision pursuant to Section 1292(b) does not necessarily mean the Court of Appeals will have jurisdiction to review this Court's decision under Section 158(d).

## Discussion

In the instant motion, Debtor repeats the factors in 28 U.S.C. § 158(d)(2)(A) and declares their existence in this case, referencing this Court's analysis in its Order granting leave to appeal from the Bankruptcy Court (doc. no. 13). Because the Debtor need demonstrate only one of the factors to have his appeal certified, the Court analyzes only the factor which Debtor's appeal satisfies.

The third Section 158(d)(2)(A) factor is whether an immediate appeal "may materially advance the progress of the

4

case." 28 U.S.C. § 158(d)(2)(A)(iii). At the current juncture, there are two motions to dismiss filed by the Banks that must be addressed. If the Court of Appeals were to affirm this Court's Order, the Bankruptcy Court could decide the two motions to dismiss. If the Court of Appeals were to reverse this Court's Order, Debtor's motion for discharge would be granted. Regardless of how the Court of Appeals decides it, the appeal would materially advance the progress of the case. Therefore, certification of appeal is appropriate under Section 158(d)(2)(A)(iii).

## Conclusion

Based on the foregoing, this Court **HEREBY CERTIFIES** that an appeal would materially advance the progress of the case under 28 U.S.C. § 158(d)(2)(A)(iii). Accordingly, the motion for certification of appeal (doc. no. 17) is **GRANTED**.

**ORDER ENTERED** at Augusta, Georgia, this _____ day of October, 2019.

_____
UNITED STATES DISTRICT JUDGE